Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5585 | **DATE** | 6/13/2002 |
| **CASE TITLE** | Drake vs. Velasco, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant, Aramark's motion (35-1) to dismiss.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 14 2002 date docketed | 58 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 6/?/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | 02 JUN 13 PM 4:53 U.S. DISTRICT COURT CLERK  Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MARTIN DRAKE,

    Plaintiff,

v.      No. 01 C 5585

MR. ERNESTO VELASCO, Executive Director Cook County Department of Corrections, **Dr. MCAULEY**, Medical Director Cook County Department of Corrections, **CERMACK HOSPITAL, PARAMEDICS, THOMAS, BROWN** and **AMBROS OF DIVISION I**, and **ARAMARK FOOD SERVICES**,

    Defendants.

DOCKETED
JUN 1 4 2002

## MEMORANDUM OPINION AND ORDER

Martin Drake has been incarcerated at the Cook County Jail ("CCJ") since March of 2001. Am. Compl. ¶ 12. He has been diagnosed with an ulcer, cirrhosis of the liver, and Hepatitis B and C. Am. Compl. ¶ 21. He requires a liver transplant. Am. Compl. ¶ 23. He alleges that Aramark Food Services ("Aramark"), an Illinois corporation, knowingly provides food to CCJ inmates that is prepared under unsanitary conditions, including serving meals on trays containing spoiled food from previous meals and inadequate supervision of employees, which results in improper handling, preparation and sterilization of equipment. Am. Compl. ¶ 26. These practices hinder Drake's ability to recover from his illnesses and have caused an immediate and substantial risk to his health. Am.

Compl. ¶¶ 26, 46-47. He claims that Aramark has failed to rectify these deficiencies and ensure appropriate and sanitary food handling practices. Am. Compl. ¶ 28. Drake sues under both 42 U.S.C. § 1983, for violation of his due process rights and under Illinois law, alleging that Aramark has breached its duty to provide sanitary meals to inmates, Ill. Admin. Code tit. 20, § 502.40 (2002). Aramark moves to dismiss the portions of Drake's Amended Complaint that are directed against it. I deny the motion.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *City Nat'l Bank of Fla. v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994). Dismissal is proper only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

I.

I begin with Count IV. Aramark argues that Drake has failed to show an actual case or controversy as required by Article III of the Constitution. It contends Drake has claimed only an abstract injury or a fear of an injury.[1] Complaints, however, need not be elaborate regarding injury. *South Austin Coalition Cmty. Council v. SBC Communications Inc.*, 274 F.3d 1168, 1171 (7th Cir. 2001); *see*

---

[1] Although Ararmark brings this argument under Fed. R. Civ. P. 12(b)(6), it would have been better brought as a 12(b)(1) motion. I will, however, address the substance of the issue.

*also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice[.]" *Alliant Energy Corp. v. Bie*, No. 01-2293, 2002 WL 59232, at *3 (7th Cir. Jan. 12, 2002); *see also Lujan*, 497 U.S. at 889. Here Drake alleges that Aramark's food preparation is so unsanitary as to pose both an immediate risk to Drake's health, Am. Compl. ¶ 46, and that the food served has hindered recovery from his illnesses, Am. Compl. ¶¶ 26, 48. Because Drake alleges both ongoing injuries and the immediate threat of injuries resulting from Aramak's conduct, he has alleged a sufficient injury to suffice at the pleading stage.

Second, Aramark contends that Drake's allegations of unsanitary food fail to state a constitutional claim. "Claims by pretrial detainees alleging unconstitutional conditions of confinement are governed by Fourteenth Amendment Due Process Clause rather than the Eighth Amendment's prohibition against cruel and unusual punishment." *Wysinger v. Sheahan*, No. 94 C 513, 1995 WL 407381, at *3 (N.D. Ill. July 5, 1995) (Castillo, J.). "The standard for analyzing a pretrial detainee's Fourteenth Amendment due process claim is identical to the standard employed in evaluating a convicted inmate's Eighth Amendment claim of cruel and unusual punishment." *Vinegar v. Fairman*, No. 95 C 844, 1995 WL 769758, at *3 (N.D. Ill. Dec. 29, 1995) (Kocoras, J.) (citing *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1094 (7th

Cir. 1986)). Under this standard, a plaintiff must show something more than discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Vinegar*, 1995 WL 769758, at *3. "An inmate must establish that he was subject to 'extreme deprivations' and that the prison officials were 'deliberately indifferent' to his plight." *Vinegar*, 1995 WL 769758, at *3 (citing *Wison v. Seiter*, 501 U.S. 294, 303 (1991)).

Inmates are entitled to nutritionally adequate food that is prepared and served in such a manner that it does not constitute an immediate danger to the health of the inmates who consume it. *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985); *Vinegar*, 1995 WL 769758, at *3. Food that "occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985). Even a dead mouse in an inmate's meal was only a minimal deprivation without a showing of injury. *Miles v. Kovalenka*, 791 F. Supp. 212, 214 (N.D. Ill. 1992) (Norgle, J.) (Plaintiff did "not allege that he consumed the tainted food, required treatment by the paramedics dispatched to the area, or that he became sick or nauseated.") In *Vinegar*, cold meals served on trays with food from previous meals did not amount to a constitutional violation without an allegation that the plaintiff suffered any harm. *Vinegar*, 1995 WL 769758, at *3. However, Drake is not merely complaining about the quality of the food. He claims that the food served does not meet the minimal standards of safety,

-4-

and he alleges that the food actually prevents his recovery and that it is so routinely unsanitary that it presents an immediate threat to his safety. The constant presence of contaminants can rise to constitutional levels. *Pritchett v. Page*, No. 99 C 8174, 2000 WL 1129891, at *5 (N.D. Ill. Aug. 9, 2000) (Nordberg, J.). I find that Drake sufficiently alleges the presence of contaminants in his food so as to constitute a deprivation so extreme as to violate the Fourteenth Amendment.

Drake must also meet the extreme indifference prong of *Wilson*. The Supreme Court has held that, to establish extreme indifference, the plaintiff must show that "the [defendant] knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Drake alleges that Aramark failed to rectify deficiencies and failed to ensure appropriate food handling practices and that it knowingly provides food to inmates that is so unsanitary that it presents an immediate risk to Drake's health. Am. Compl. ¶ 46. The complaint lacks any allegation that Drake ever informed Aramark about the his specific illness or the quality of the food in general. A pleading, however, need only convey enough information that the defendant is able to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184

F.3d 623, 627 (7th Cir. 1999). Furthermore, defendants can be expected to know of systemic conditions. *Cf. Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (dismissing a claim in "localized, non-systemic" conditions). Drake's allegations are sufficient to make out a claim of deliberate indifference under 42 U.S.C. § 1983.

Finally, Aramark argues that Drake has only alleged the threat of future injuries. Aramark contends Drake has failed to allege that the food at CCJ actually caused him serious or significant injury. Aramark relies on *White v. Gregory*, 1 F.3d 267 (4th Cir. 1993) (holding that a prisoner must suffer serious injury to be subjected to cruel and unusual punishment within the meaning of the Eighth Amendment).[2] Drake responds that the risk posed to him by contaminated food is substantially similar to recognized constitutional violation of exposure to environmental tobacco smoke ("ETS"). *Hellig v. McKinney*, 509 U.S. 25, 33 (1993) (holding that prison officials' deliberate indifference toward defendant's exposure to ETS posed an unreasonable risk of serious damage to future health recognized by the Eighth Amendment); *Alvarado v. Litscher*, 267 F.2d 648, 651 (7th Cir. 2001) (holding aggravation of

---

[2] The *White* case involved a convicted inmate for whom due process violations are judged by Eighth Amendment standards. Drake is a pre-trial detainee for whom due process violations are judged by Fourteenth Amendment standards. However, the two standards are identical. *See Westlake*, 798 f.2d at 1094; *Vinegar*, 1995 WL 769758, at *3.

-6-

current asthma by exposure to ETS to constitute a sufficient Eighth Amendment claim).

Although Drake relies on an analogy between ETS and food, an even closer analogy exists between unsafe drinking water and unsafe food. In unsafe water cases, courts have allowed claims to proceed without a showing of present injury. *Robinson v. Page*, 170 F.3d 747, 748 (7th. Cir. 1999); *Martin v. Snyder*, No. 00 C 983, 2002 WL 484911 (N.D. Ill. Mar. 28, 2002) (Gottschall, J.); *Ford v. Page*, No. 00 C 1044, 2000 WL 960732, at *2 (N.D. Ill. July 11, 2000) (Pallmeyer, J.). The Supreme Court observed that "[w]e would think that a prison inmate also could successfully complain about demonstrably unsafe drinking water without waiting for an attack of dysentery." *Helling*, 509 U.S. at 33. Eighth Amendment protection extends to future, as well as current serious health problems. *Id.; Williams v. Scott*, 1998 WL 152969, at *2 n.3 (7th Cir. 1998); *Ford*, 2000 WL 960732, at *2. Drake alleges both a serious current condition in the inability to recover and an immediate risk of injury due to the unsanitary nature of the food. Unsafe food poses no less of a threat than unsafe water, thus I conclude that Drake adequately alleges the existence of a redressable injury and I deny Aramack's motion regarding Count IV.

II.

I now consider Count V.[3] Drake's Amended Complaint alleges Aramark was negligent in its duty under Ill. Admin. Code tit. 20, § 502.40(b)(2002), which provides that, "[s]anitary practices shall be observed in the storage, handling, preparation and serving of food products." Aramark contends that Illinois common law requires that actual damages must be pleaded in a claim for negligence and that Drake failed to meet that requirement by pleading only a future injury. *See Estate of Johnson v. Condell Memorial Hospital*, 520 N.E.2d 37 (Ill. 1988). Illinois negligence law requires that "future harm, not yet realized, is not actionable." *Boyd v. Traveler's Insurance Co.*, 652 N.E.2d 267, 271 (Ill. 1995). However as discussed above, Drake alleges both that the food served by Aramark is so unsanitary that it inhibits his recovery and that its constant unsanitary nature constitutes an immediate threat to his health. Drake's claim regarding his inability to recover is not a future injury, but rather a present injury and is sufficient to meet a claim on its own. Additionally, as discussed above, Drake also alleges a severe immediate threat to his health which rises to the level of constitutional concern.

---

[3] Aramark contends that if Count IV is dismissed, Count V should be dismissed as well. I have already found that Drake stated a valid federal claim against Aramark in Count IV, so Aramark's argument that I lack supplemental jurisdiction is moot.

-8-

Drake alleges a sufficient injury under Illinois law, and I deny the motion to dismiss regarding Count V.

Enter Order:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated:   June 13, 2002